# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JANET L. THOMPSON,

        Plaintiff,

v.                                                 No. CIV 03-769 MCA/LFG

CITY OF ALBUQUERQUE, a
local public body, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

### Introduction

      THIS MATTER is before the Court on Plaintiff Janet L. Thompson's ("Thompson's") Motion and Memorandum to Compel Supplemental Answers to defendant City of Albuquerque's Answers to Plaintiff's First Set of Interrogatories to All Defendants Nos. 1-3, 5-8, 12, 14-18, 20 and 21 and Supplemental Responses to Plaintiff's First Request for Production of Documents to All Defendants Nos. 1-10, 14, 16-19, filed February 19, 2004. [Doc. No. 28.] The Motion is fully briefed. [Doc. Nos. 34, 40.] After careful consideration of the pleadings and pertinent law, the Court will grant the motion to compel in part and deny it in part for the reasons set out below.

**Background**

The following facts are taken from the pleadings. Thompson is a Doctor of Veterinary Medicine and was employed by Defendant City of Albuquerque in that capacity since approximately 1985. Thompson was responsible for the care of animals held at the City's animal shelter facilities. In 1998, a lawsuit was filed by Marcy Britton, a self-styled animal rights activist, against the City regarding allegedly inhumane practices in the treatment of animals at the City's shelters. In relation to this lawsuit, Thompson contends that she was made into a scapegoat and fired as of about July 14, 2000. In this lawsuit, she claims that in terminating her employment, Defendants violated her right to free speech by way of retaliating against her for having spoken out on a matter of public concern and violated her right not to be deprived of liberty or property without procedural and substantive due process. Her lawsuit requests monetary damages, including punitive damages, for breach of employment contract and breach of the covenant of good faith and fair dealing. [Doc. No. 16, Initial Pretrial Report.] Defendant deny liability.

**Analysis**

Federal Rule of Civil Procedure 26 governs discovery disputes of this type. That rule provides that parties may discover any matter, "not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. Proc. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. Proc. 26(b)(1). However, there are limits to what may be discovered. For example, a court can restrict discovery when it determines the requested information is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less burdensome, or less

expensive, or where the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. Proc. 26(b)(2).

Prior to rule changes in 2000, discovery was more broadly defined in that information was generally discoverable if it was deemed relevant to the "subject matter" of the pending action. After the 2000 rule revisions, discovery was narrowed in scope from "subject matter of the action" to any "claim or defense of any party." When the requested discovery appears relevant as defined by the current rule, the party resisting discovery bears the burden of demonstrating a lack of relevance. Bryant v. Farmers Ins. Co., Inc., 2002 WL 1796045 at *2 (D. Kan. July 31, 2002). If a party resists discovery on grounds that the requested information is unduly burdensome or overbroad, that party must support it objections, unless the request is overbroad or unduly burdensome on its face. In other words, the resisting party must "show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." Horizon Holdings, L.L.C. v. Genmar Holdings, Inc., 209 F.R.D. 208, 213 (D. Kan. 2002). "This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents." Id. Frequently, an objecting party provides the required detail and explanation through an affidavit or other reliable evidence. Burton Mechanical Contractors, Inc. v. Foreman, 148 F.R.D. 230, 233 (N.D. Ind. 1992). It is not sufficient simply to allege that providing the requested discovery would be burdensome or oppressive.

In determining what amount of discovery should be granted, the Court must also be aware that the scope of discovery in employment cases is particularly broad. Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir. 1995); Rich v. Martin Marietta Corp., 522 F.2d 333, 343-44 (10th Cir. 1975). Notwithstanding the general rule that discovery should not be narrowly

3

circumscribed in discrimination cases, the trial court is still given wide discretion in balancing the needs and rights of both parties. *See* Fed. R. Civ. Proc. 26(b)(2); Sonnino v. Univ. of Kansas Hospital Authority, 220 F.R.D. 633, 2004 WL 741320 at *12 (D. Kan. Mar. 31, 2004).

### Discussion of Discovery Requests and Objections

Thompson's initial motion and accompanying memo sets out a number of discovery disputes. However, based on the briefing, and in particular the reply brief, only the remaining discovery requests appear to be in dispute: Interrogatory Nos. 6, 7, 12, and 16; and Document Request Nos. 7, 9, 10, 17 and 18. Thus, the Court confines its decision to these disputed discovery requests.

### *Interrogatories*

**I.    Interrogatory No. 6:**

Thompson requests the following:

> With respect to your denials in Defendants' Answer to Plaintiffs' Complaint . . . of the allegations in ¶¶ 30, 34, 40, 42, 44, 47, 54-55, 57-59, 64, 68-72, 77, 79-83, 88-93, 98-101, 105-107, 111-113, 116-120, 123-25, 127-29, 132-34, 136-38 . . . please state:
> a. each and every fact, opinion, and application of law to fact upon which you or you attorneys rely in support of your answer;
> b. the identity, including the name, address and telephone number of each and every person whom you or your attorneys believe has or who may have knowledge of the facts and circumstances supporting this answer;
> c. the identity of each and every document, which relates to this answer, whether you will produce a copy of the same in accordance with Rule 33(d) and, if so, please attach copies of the same.

Defendants responded by objecting on grounds that the interrogatory sought information protected by the work product doctrine and attorney client privilege. In their response to the motion to compel, Defendants also argued that the interrogatory exceeded the boundaries of relevance and the limits set in the Provisional Discovery Plan of 25 interrogatories.

The Court concludes here that Interrogatory No. 6 is a contention interrogatory. "Requests for opinions or contentions that call for the application of law to fact are proper, . . ., and an interrogatory may properly inquire into a party's contentions in the case . . . ." Western Resources, Inc. v. Union Pacific R. Co., 2001 WL 1723817 at *1 (D. Kan. 2001) (internal citations omitted.) Contention interrogatories, however, are typically used to narrow and define the issues for trial, and a court may order that contention interrogatories not be answered until at or near the completion of discovery. Fed. R. Civ. P. 33(c); McCarthy v. Paine Webber Group, Inc., 168 F.R.D. 448, 450 (D. Conn. 1996).

At this time, the Court will not require that Defendants provide an answer to this type of contention interrogatory but will permit Plaintiff to re-submit her contention interrogatories, should she wish to do so, at or near the close of discovery, in accordance with the pertinent rules and time deadlines. That said, however, if Plaintiff elects to submit contention interrogatories later in this litigation, she should ensure that the interrogatories are not over broad or unduly burdensome on their face. Interrogatories that ask for "each and every fact", or "every application of law to fact" or "any and all facts" are frequently found overly broad and unduly burdensome on their face. Horizon Holdings, 209 F.R.D. at 215; IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316, 321, 322 (D. Kan. 1998).

When a party makes these types of sweeping or global requests, she runs the risk that the Court will order no production of evidence. For example, "[t]o require specifically 'each and every' fact and application of law to fact, . . ., would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details. The burden to answer then outweighs the benefit to be gained." IBP, Inc., 179 F.R.D. at 321. In contrast

5

to the contention interrogatory that improperly asks for too much information is the more appropriate request for *material or principal facts* that support a contention. Hiskett v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 405 (D. Kan. 1998).

Plaintiff is reminded also that interrogatories are not the place to request production of documents. Defendants are advised that if they raise objections based on a privilege, they must provide an adequate Vaughn index. Robert L. Sanchez v. KPMG, No. CIV 93-406 (D.N.M. Aug. 5, 1994). Failure to provide an appropriate privilege log after making a claim of privilege can result in the waiver of the privilege.

Plaintiff's motion to compel answers to Interrogatory No. 6 is denied.

**II.     Interrogatory No. 7:**

Thompson requests the following: "In a newspaper article of July 7, 2000, Defendant Rael was quoted as stating that Plaintiff had been 'released' not 'fired.' Please explain the difference in terms of the effect on Plaintiff between being 'released' and 'fired.'"

Defendants objected to the interrogatory on grounds that it was vague and further complained that the newspaper article in question was not attached to the discovery request. Without waiving those objections, Defendants answered that Thompson was an "unclasssified" employee who could be released for any or no reason. Defendants then referred Plaintiff to a number of documents already produced.

The Court sustains the objection of vagueness, but permits Thompson to re-draft the interrogatory and re-submit it to Defendants for a complete answer. As written, the interrogatory appears to ask for how Plaintiff was affected by being "released" rather than "fired." Thompson might begin by asking if being "released" from employment, as the term was used by Defendant, is

6

the same as being "fired," or whether Defendants did fire Thompson, or what Defendant Rael meant by stating that Thompson had been "released" from her position.

### III.    Interrogatory No. 12:

Thompson requested Defendants to:

> Please identify by name, date and amount any and all contributions to any political campaign of James Baca, the wife of Lawrence Rael, or Martin Chavez or any contribution to ABQ PAC made by Marcy Britton, Penny Cistaro, HSUS or anyone on their behalf. Please identify all documents relating to any such contribution and state whether you will produce a copy of the same in accordance with Fed.R.Civ.P. 33(d) and, if so, please attach copies of the same.

Defendants objected on grounds that the interrogatory was not reasonably calculated to lead to the discovery of admissible evidence. Without waiving that objections, Defendants referred to information regarding political contributions that was available in the City clerk's office as a public record. In their response to the motion to compel, Defendants argued that even if Thompson's allegation that she was a "scapegoat," is true, campaign contributions are not relevant to proving this fact. Defendants characterize the interrogatory as an improper "fishing expedition." Defendants further asserted that these types of public records are equally available to the parties, and therefore, that the responding party is not obligated to produce them. They explained that both parties would be required to submit a written request to the City clerk, pay for costs of copying and review them to determine evidence of contributions that would be responsive to the interrogatory.

Thompson responded that the request does seek relevant information and further that in counsel's experience she is unable to utilize the New Mexico Public Records Act to obtain the requested information once litigation such as this has been commenced.

The Court will not sustain Defendants' relevancy objection as relevancy is construed broadly at this juncture, and particularly so, within the context of employment cases. This does not mean that the information would be admissible at trial, which is a determination left for the trial court.

However, the Court will not require Defendants to produce the requested information because it agrees that both parties are in the same position with respect to obtaining these public records. The Court rejects counsel for Plaintiff's arguments that she unable to inspect public records of this nature merely because litigation has been filed. The Court does not find any such exception to inspection set out in the Act governing Inspection of Public Records. NMSA 1978 § 14-2-1. Moreover, Thompson has not come forward here demonstrating that she made an oral or written request under the Act that was rejected because of pending litigation. Thus, the Court denies Thompson's request that Defendants respond further to Interrogatory No. 12.

**IV.     Interrogatory No. 16:**

Thompson requests that Defendants:

> Please state whether any of the individual Defendants has ever been addicted to or undergone treatment for the use of narcotics or controlled substances or other drugs, or for 'alcoholism' or the excessive use of intoxicating liquors. If so, please state the date of treatment, the drug of choice, the name of the treating physician or other health care provider, the name of the hospital or other treating institution, the diagnosis rendered, if any, including the applicable DSM code, if any, and the name address and telephone number of the current custodian of the medical or other records regarding such addiction or treatment.

Defendants objected to the interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Thompson argued that the information should be produced because of the liberal interpretations of relevancy in the discovery stages. She further asserts that

8

"[n]ot only could Defendants drug and alcohol history lead to important information with respect to Defendants judgment and credibility, but it is possible that in the course of such counseling the individual Defendants may have made important statements with respect to Plaintiff and her claims in this case." [Doc. No. 28, Ex. 1, p. 11.]

The Court, while recognizing the broad scope of discovery permitted in employment cases, will not require Defendants to answer this interrogatory because it agrees that the request is not reasonably calculated to lead to the discovery of admissible evidence. Thompson's articulated reasons for the information present nothing more than speculation, and if anything, appeared designed to embarrass the individual defendants and/or to develop new claims. *Cf*. McFarland v. Memorex Corp., 493 F. Supp. 631, 639 (N.D. Calif.1980) (discovery should be confined to developing facts underlying a plaintiff's claim or claims and not used as a fishing expedition to discover what else may be amiss or to develop wholly new claims unrelated to what is averred in the complaint).

Indeed, the 2000 Amendments to Rule 26 narrowed the scope of discovery and cautioned against discovery that is used to develop new claims or defenses not already pleaded. To obtain discovery, it must be relevant to the claims and defenses plead. Fed.R.Civ.P. 26(b)(1). "[I]f there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims or defenses . . . ." Moreover, "[t]he rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." The Advisory Committee Note to the 2000 Amendment to Rule 26(b)(1).

9

Here, there is no claim by Thompson regarding Defendants' possible drug use. To speculate that Defendants might have discussed Thompson in alleged substance abuse treatment or that substance abuse might have impacted Defendants' decisions with respect to Thompson – is just that – speculation. Thompson's speculation is not a valid basis to obtain drug and alcohol use information, should it exist. Therefore, the Court denies the motion to compel with respect to Interrogatory No. 16.

### *Requests for Production*

### V. **Request for Production No. 7:**

Thompson requests "[a]ll mental health record pertaining to the individual Defendants from 1999-date." Defendants objected that the information requested was irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In support of her request, Thompson again speculates that it is "entirely possible that the individual Defendants would have discussed these matters as well as Plaintiff's firing with a mental health counselor."

The Court again rejects Thompson's argument and finds that the requested information is not reasonably calculated to lead to the discovery of admissible evidence for the reasons stated above. Therefore, Defendants need provide no further response to Request for Production No. 7.

### VI. **Request for Production Nos. 9 and 10:**

Request No. 9 asks for "[a]ll federal and state income tax returns and W-2 forms for each of the individual Defendants from 1999 to date." Number 10 requests "[a]ll financial statements prepared by any of the individual Defendants from 1999 to date." In response to number 9, Defendants objected that the requested documents were not relevant and not reasonably calculated

to lead to the discovery of admissible evidence. In response to number 10, Defendants made the same objection and added objections that the request was vague and overbroad.

Thompson asserts that the requested tax and financial information of the individual Defendants might lead to evidence regarding Defendants' credibility. In her reply brief, Thompson further contends that Defendants' income is "highly relevant" to her claim for punitive damages against the individual Defendants.

The Court rejects Thompson's speculative argument that the individuals Defendants' personal and tax information might shed light on issues of credibility. Again, Thompson's position is speculative and does not support production of the information.

With respect to Thompson's argument that the requested information is relevant to her claim for punitive damages, the Court recognizes that a majority of federal courts permit pretrial discovery of financial information from a defendant without requiring the plaintiff to establish a prima facie case as to the punitive damages claim. Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc., 130 F.R.D. 149, 151 (D. Kan. 1990) (listing cases). A number of other courts have determined that this type of discovery will not be permitted until the trier of fact finds that the plaintiff is entitled to punitive damages. Id. (listing cases).

Here, the Court makes no determination of whether Thompson must make a prima facie showing of entitlement to punitive damages or whether she has made sufficient allegations in her complaint to demonstrate a real possibility that punitive damages are at issue. However, the Court concludes that it will defer until after further substantive pleading practice as to whether discovery of such information should be permitted. In reaching its decision, the Court balances Thompson's interest in the information at this stage against a party's general desire not to divulge personal

11

financial information, particularly here where the Defendants, against whom the claim is asserted, are individuals. American Maplan Corp. v. Heilmayr, 203 F.R.D. 499, 503 (D. Kan. 2001). Moreover, because the parties have canceled the previously scheduled settlement conference, this is not a case where the information will assist the parties in making a realistic appraisal of the case for purposes of settlement.

Therefore, the Court denies Plaintiff's motion to compel as to document request numbers 9 and 10, subject to permitting them to be raised again after substantive pleading practice and closer to trial.

### VII.     Request for Production No. 17:

Thompson requests "[a]ll documents regarding an investigation of Marcy Britton by the Defendant City, or on its behalf." Defendants objected on grounds that the requested information was not relevant, not reasonably calculated to lead to the discovery of admissible evidence and sought information that was protected by the attorney work product or attorney-client privileges. Defendants' response to the motion to compel does not address document request 17, but Thompson argues that Defendants did not supplement their prior response.

Because Marcy Britton's lawsuit against the City appears linked to the subsequent termination of Thompson, the Court overrules Defendants' relevancy objection. The Court, however, is uncertain as to what documents might exist that Defendants have not produced. Defendants did identify some documents regarding the investigation on Marcy Britton in the Vaughn Index attached to their response brief. It is unclear which of the listed documents might be responsive to the request, nor can the Court make a determination as to whether the documents should be protected by a privilege or the work product doctrine. If the City's attorney made an investigation on the City's behalf in

order to provide an opinion or to provide legal assistance, the information may be privileged. However, the privilege does not apply to facts or information gathered from sources other than the client. Still, such information might be protected by the work product doctrine.

Because the Court is unable to make a decision based on the information before it, it grants Thompson's motion to compel to the extent that Defendants are required to produce all unprivileged documents relevant to the request and to identify those documents listed in the Vaughn Index that were responsive to this particular request as well. Defendants should also provide an adequate explanation as to why any of the documents begin withheld are entitled to a privilege.

## VIII.   Request for Production No. 18:

Thompson asks for "[a]ll documents regarding any monies paid by any of the Defendants to March Britton." Defendants responded by objecting to the request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, Defendants then stated that Ms. Britton received $80,000 as a result of the settlement regarding the lawsuit of Marcy Britton v. Robert Hillman, et al., No. CIV 00-1335 M/RLP. In Plaintiff's reply, her argument concerning Response No. 18 appears to refer to a different document request. Thus, the Court is unable to determine whether this document request is still in dispute. In any event, the Court's preliminary determination is that the request has been answered. Thus, it denies Plaintiff's motion to compel with respect to Request for Production No. 18.

## IX.   Vaughn Index

Thompson also argues that Defendants' Vaughn Index is inadequate with respect to many different documents that were identified as privileged. For example, Thompson asserts in some instances that Defendants should clarify why some of the identified documents are listed as privileged

or produce redacted versions. In addition, Thompson claims that some of the documents simply are not protected and should be produced.

The Court agrees that Defendants' Vaughn Index is deficient, at least with respect to some of the information provided. For example, many of the entries contain no dates and state that Defendants have no knowledge as to who was privy to the documents. The Court simply cannot make determinations about the existence of a privilege based on the information before it. Thus, the Court directs Defendants to provide the following information for each disputed document [Ex. 4 to Thompson's reply] listed in the Vaughn Index: date, approximate date, manner of preparing the document, name of the person at whose request the document was prepared, the name of the person(s) participating in the preparation of the documents, name and position, if any, of each person who saw the contents of the writings, names of the person(s) who are presently in custody of the documents, and a precise statement of the grounds for any privilege asserted. <u>Sanchez v. KPMG Peat Marwick</u>, at \*\*4-5. In other words, it is not enough merely to list the name of the privilege being asserted as Defendants did here.

The revised or amended Vaughn Index should be produced to Plaintiff by no later than ten days after entry of this Order. Plaintiff will then have an additional twenty days in which to file another motion to compel addressing any remaining disputes.

## **Conclusion**

For the reasons stated above, the Court grants Thompson's motion in part and denies it in part. Any documents or responses that the Court ordered Defendants to provide should be produced within ten days after entry of this Order. The Court denies Thompson's request for fees and/or costs with respect to the filing of this motion.

IT IS THEREFORE ORDERED that Janet L. Thompson's ("Thompson's") Motion and Memorandum to Compel Supplemental Answers [Doc. No. 28] is GRANTED in part and DENIED in part. The Court

                                            */s/ Lorenzo F. Garcia*
                                            Lorenzo F. Garcia
                                            Chief United States Magistrate Judge